IN THE CIRCUIT COURT OF TISHOMINGO COUNTY, MISSISSIPPI

JESSICA M. RICKMAN  PLAINTIFFS
AND KENNETH RICKMAN

V.  CAUSE NO. CU21-0152WT

PENSKE TRUCK LEASING CORPORATION  DEFENDANTS
AND WALTER C. BROWNING

## COMPLAINT

COME NOW, Plaintiffs, Jessica M. Rickman and Kenneth Rickman, by and through undersigned counsel, and files this, their Complaint against the Defendants, Penske Truck Leasing Corporation, a Delaware corporation with its principal place of business in Reading, Pennsylvania, and Walter C. Browning, who is, upon information and belief, an adult resident citizen of Lacey's Springs, Alabama, and for cause of action would show unto the Court the following, to-wit:

### Parties

1. At all times material hereto, Plaintiff, Jessica M. Rickman (hereinafter ("J. Rickman"), was and is an adult resident citizen of Glen, Alcorn County, Mississippi. Plaintiff, Kenneth Rickman (hereinafter "K. Rickman") was and is an adult resident citizen of Glen, Alcorn County, Mississippi; and at all relevant times, was married to Jessica.

2. At all times material hereto, Defendant, Penske Truck Leasing Corporation, (hereinafter "Defendant Penske"), was and is a corporation formed, upon information and belief, in accordance with the laws of the State of Delaware for the purpose of owning motor vehicles such as that certain white 2020 Freightliner Cascadia truck hauling a trailer loaded with empty racks which at or about 5:00 CDT on April 26, 2019 was being driven

FILED
DEC 22 2021
JOSH MCNATT, CIRCUIT CLERK
BY Kimberly Wilson

by Walter C. Browning, who, upon information and belief, was an employee of Defendant Penske. Upon information and belief, Defendant Penske has its principal place of business in Reading, Pennsylvania and was the owner of that certain white 2020 Freightliner Cascadia truck hauling a trailer loaded with empty racks which at or about 5:00 CDT on April 26, 2019 was being driven by Walter C. Browning, who, upon information and belief, was an employee of Defendant Penske. Upon information and belief, Defendant Penske directed any and all uses to which that certain white 2020 Freightliner Cascadia truck hauling a trailer loaded with empty racks which at or about 5:00 CDT on April 26, 2019 was being driven by Walter C. Browning, who, upon information and belief, was an employee of Defendant Penske, was put. Upon information and belief, Defendant Penske may be served with process by and through Penske's Registered Agent for service of process, namely Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, MS 39110.

3. Defendant, Walter C. Browning (hereinafter "Defendant Browning") is, upon information and belief, an adult resident citizen of Lacey's Springs, Alabama and may be served with process pursuant to Mississippi Rules for Civil Procedure 4(c)(5).

### Jurisdiction and Venue

4. This Court has subject matter and in personam jurisdiction of this cause of action pursuant to Miss. Code Ann.§9-7-81 in that the Plaintiff is an adult resident citizen of Glen, Alcorn County, State of Mississippi, and pursuant to the Mississippi Rules of Civil Procedure and other applicable laws, Defendant Penske and Defendant Browning, and

both defendants are amenable to process issued out by this Court. Venue is proper pursuant to Miss. Code Ann. §11-11-3 in that the cause of action occurred or accrued within Tishomingo County, Mississippi.

**Facts**

5. On or about 5:00 p. m., CDT, April 26, 2019, Plaintiff J. Rickman, an adult resident citizen of Glen, Alcorn County, Mississippi, was driving a vehicle, being a blue 2018 Nissan Sentra owned by Ean Holdings, LLC of Tulsa, Oklahoma, and was traveling westbound in the outside lane of U. S. Highway 72 in Tishomingo County, Mississippi. Upon information and belief, Plaintiff J. Rickman, at all times material hereto, was operating the vehicle she was driving in a safe and prudent manner, having due care for her own safety and for the safety of others using the highway.

6. On the aforementioned date and time, Defendant Penske's white 2020 Freightliner Cascadia truck hauling a trailer loaded with empty racks and being driven by Defendant Browning was traveling westbound in the inside lane of U. S. Highway 72 abreast of Plaintiff, J. Rickman.

7. As the two westbound vehicles traveled abreast of one another, Defendant Browning, without warning or providing any signal which was visible to Plaintiff J. Rickman, abruptly drove Defendant Penske's truck and trailer from the inside lane to the outside lane of U. S. Highway 72 forcing Plaintiff J. Rickman to steer to the right toward the shoulder of the highway in order to avoid Defendant Penske's truck and trailer being driven by Defendant Browning. Once on the shoulder of the highway Plaintiff Rickman

lost control of her vehicle and drove back into the westbound lanes of the highway and collided with the left rear of Defendant Penske's truck and then came to rest in the median of U. S. Highway 72 facing northeast.

## COUNT 1-NEGLIGENCE

8. At all relevant times hereto, Defendant Penske and /or, alternatively, Defendant Browning who was, upon information and belief, driving Defendant Penske's vehicle with Defendant Penske's permission, either express or implied, had a duty to the public at large, and to this Plaintiff, J. Rickman, in particular, to exercise reasonable care in the operation of Defendant Penske's vehicle while on the highways of Tishomingo County, Mississippi, and to avoid forcing Plaintiff Rickman off of U. S. Highway 72, causing Plaintiff Rickman to lose control of her vehicle, and subsequently to collide with the rear of Defendant Penske's tractor-trailer being driven by Defendant Browning.

### Breach of Duty

9. At all times material hereto, Defendant Penske, and its employee, Defendant Browning, breached duties owed to Plaintiff J. Rickman in that Defendants Penske and/or Browning:

> a) Operated said white 2020 Freightliner Cascadia truck hauling a trailer loaded with empty racks which Defendant Browning was driving in the course and scope of his employment with Defendant Penske in a negligent manner;
>
> b) Failed to exercise caution, including, but not limited to, failing to establish and maintain a reasonable and prudent distance in front of the car being driven by Plaintiff J. Rickman prior to changing from the inside to the outside lane as required by Sections 63-3-609; 63-3-707, Miss. Code (1972);

-4-

c) Failed to signal that Defendant Browning was changing lanes from the inside to the outside to alert Plaintiff J. Rickman that he was driving into her land and embarrassing her navigation pursuant to The Rules of the Road, particularly Section 63-3-707, Miss. Code 1972;

d) Failed to yield the right of way to Plaintiff J. Rickman and the car she was driving which was abreast of Defendant Browning and which Defendant(s) Penske/Browning knew or should have known was proceeding westbound at approximately the same speed pursuant to Sections 63-3-609; 63-3-707, Miss. Code (1972);

e) Failed to keep a proper lookout;

f) Failed to keep the Penske vehicle which Browning was driving, properly and safely under control;

g) Failed to exercise due care operating the Penske tractor trailer; and

h) Failed to change properly and safely into the outside lane of the four-lane highway, U. S. Highway 72 which forced Plaintiff J. Rickman to avoid Defendant Browning by steering toward the shoulder of the highway, caused her to lose control and re-enter the outside westbound lane and to colliding with the left rear of the Defendant Penske tractor-trailer being driven by Defendant Browning in violation of Sections 63-3-609 and 63-3-707, Miss Code (1972); and

I) In other examples of negligence to be proved at the jury trial hereof.

## Causation

10. The aforesaid acts or omissions of negligence of Defendant Penske, through the doctrine of respondeat superior, and Defendant Browning, in the course and scope of his employment with Defendant Penske, proximately caused Plaintiff J. Rickman to suffer painful, permanent, and debilitating injuries and other damages to her property, including her vehicle.

## Damages

11. Because of the aforesaid acts or omissions of negligence of Defendant Penske, through the doctrine of respondeat superior, and Defendant Browning, in the course and scope of his employment by Defendant Penske, Plaintiff J. Rickman suffered serious injuries to her back, neck, and other parts of her body and also aggravated previously existing medical conditions which were made worse by the negligence of the Defendants or each of them. Since the collision, Plaintiff J. Rickman has incurred medical and hospital expenses, ambulance and Emergency Medical Technician expenses; she has experienced loss of income and/or loss or impairment of wage earning capacity (past, present and future); pain and suffering (past, present and future); mental and emotional anguish; future medical expenses, and permanent disability all as a result of the Defendants' negligence in proximately causing this collision.

## COUNT II-NEGLIGENCE *Per Se*

12. Plaintiff J. Rickman re-alleges the facts and contentions set out in Paragraphs 1-11, hereinabove, as if set out herein *in extenso*.

13. Plaintiff J. Rickman charges and alleges that, at the time of the collision in question, the following statutes of the State of Mississippi were in full force and effect, and were violated by Defendants Penske and Browning, to-wit:

   a) §63-3-609, Miss. Code (1972)

   b) §63-3-707, Miss. Code (1972); and

   c) other sections of the Mississippi Code (1972) which may have been violated as revealed by the facts discovered by the parties during this litigation.

14. Plaintiff J. Rickman alleges that the Defendants Penske's and/or Browning's aforesaid acts or omissions of common law negligence and in violation of the statutes of the State of Mississippi, listed above, constituted negligence *per se*, and each and every such act or omission constituted a direct and proximate cause or a direct contributory cause of the injuries and other damages suffered by Plaintiff J. Rickman.

## COUNT III-NEGLIGENT ENTRUSTMENT

15. Plaintiff J. Rickman re-alleges the facts and contentions set out in Paragraphs 1-11, hereinabove, as if set out herein *in extenso*.

16. Defendant Penske had a duty to entrust the use of its white 2020 Freightliner Cascadia tractor-trailer to someone who would operate said vehicle in a safe and prudent manner. Defendant Penske breached said duty in allowing Defendant Browning to operate its vehicle in a negligent manner at a time when it knew or, in the exercise of reasonable care, should have been known that the vehicle would be operated in a negligent and reckless manner.

## COUNT IV - LOSS OF CONSORTIUM

17. The Plaintiffs, Jessica Rickman and Kenneth Rickman, repeat, reallege and incorporate Paragraphs 1-16 above, as if especially set forth fully hereafter.

18. As a direct and proximate result of the Defendants, as set forth above, the Plaintiff, J. Rickman, was caused to sustain great pain of body and mind. The Plaintiff, K. Rickman, has been deprived of the comfort, care, services and support of his wife, J. Rickman. In addition, the Plaintiff, K. Rickman, has been deprived of his wife's full society,

care and consortium. In addition, because of his wife's medical condition, Plaintiff, K. Rickman, had to miss work to care for his wife; and as a result, has incurred loss of wages, and will continue to incur wage losses in the future.

19. The damages claimed in the above paragraph are within the jurisdictional limits of this Court to which the pleadings are addressed in the amount of such damages exceeds the minium amounts as necessary to invoke jurisdiction of this Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Jessica M. Rickman and Kenneth Rickman, bring this action against Defendant, Penske Truck Leasing Corporation and Defendant, Walter C. Browning, jointly and severally, and seek a judgment of money damages in the amount of **ONE MILLION ONE HUNDRED THOUSAND AND NO/100 ($1,100,000.00) DOLLARS**, plus all costs of Court. If Plaintiffs, Jessica Rickman and Kenneth Rickman, have prayed for improper relief, they now pray for whatever relief this Court of general jurisdiction may render and which would be proper in the premises.

Plaintiffs, Jessica M. Rickman and Kenneth Rickman, demand trial by jury.

**RESPECTFULLY SUBMITTED**, this the 19th day of November, 2021.

_____
FRANK J. DANTONE, MSB #5762
EDWARD D. LAMAR, MSB #1780
HENDERSON DANTONE, P.A.
P. O. Box 778
Greenville, MS 38702-0778
Telephone No. (662) 378-3400
Facsimile No. (6620 378-3413
Email: fjd@hdpa.com; edl@hdpa.com

Attorneys for Plaintiffs, Jessica M. Rickman and Kenneth Rickman

TISHOMINGO COUNTY
FILED
DEC 22 2021
JOSH MCNATT, CIRCUIT CLERK
BY Kimberly Wilson

-8-